```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

LYNDA HALVERSON SELAN,            )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No.  10 C 7223
                                  )
VALLEY VIEW COMMUNITY UNIT        )
SCHOOL DISTRICT 365-U,            )
                                  )
          Defendant.              )
```

## MEMORANDUM ORDER

Last week's status hearing in this action revealed that the absence of a responsive pleading in this Court's chambers file was the result of defense counsel's noncompliance with the LR 5.2(f) requirement that a paper copy of every court filing (importantly including all electronic filings) must be transmitted promptly to the judge to whom the case is assigned. This Court both ordered the months-late-delivery to chambers and imposed a modest fine on the Rule-violating counsel.

But when counsel then complied with that delivery order, an examination of the Answer and Affirmative Defenses that had been filed back in mid-January 2011 had violated another rule, this one substantive rather than procedural. Despite the crystal-clear roadmap charted out by Fed. R. Civ. P. ("Rule") 8(b)(5) for disclaimers that give the pleader the benefit of a deemed denial, Answer ¶¶4, 7.i through 7.iii, 7 (erroneously numbered), 12, 21 and 60 departed from that path. Moreover, that error was compounded by defense counsel's having followed each of those

disclaimers with the phrase "and, therefore, denies the same." That is of course oxymoronic--how can a party that must assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to an allegation's truth then <u>deny</u> it in accordance with Rule 11(b)?

Accordingly defense counsel is ordered to file an amendment to the existing Answer (<u>not</u> a full-blown new Answer, which would be far too bulky) that corrects those designated paragraphs by properly invoking Rule 8(b)(5) without the oxymoronic denials. Defense counsel is further ordered:

1. to make no charge to the client for the services involved or the expenses incurred in connection with either correction--the furnishing of the chambers copy or the pleading amendment ordered here;

2. to bear the earlier-imposed fine without reimbursement from the client;

3. to send a letter to the client confirming those undertakings, accompanied by a copy of this memorandum order; and

4. to send to this Court a copy of the letter to the client (purely for information and not for filing).

                                       _____
                                       Milton I. Shadur
                                       Senior United States District Judge

Date: April 13, 2011